MORRIS COUNTY CIRCUIT COURT.

JOANNA M. STILES v. MAX KURILOFF AND MORRIS KURILOFF.

For the plaintiff, *Benjamin W. Ellicott.*

For the defendant, *Leon E. Cone.*

LAWRENCE, J. At the opening of the trial of this case, counsel for defendant moved to strike the complaint on the ground that it did not set forth a cause of action. Notice of this motion accompanied the answer filed. The gravamen of the action as set forth in the complaint appears to be that plaintiff was the owner of a certain farm in this county and entered into a written contract for sale thereof with a third person. The contract was signed and duly executed, and the down payment stipulated on account of the purchase price was made. Before the time fixed therein for the delivery of the deed, however, the purchaser declined to take title because of his discovery that after the contract had been executed a *lis pendens* had been filed in the county clerk's office by defendants giving notice that a suit had been commenced in the court of chancery to subject the land to the lien of a judgment obtained by them against a brother of plaintiff alleging that he, in fact, was the equitable owner of the farm and that plaintiff held the legal title in trust for him. This suit is declared to have been without justification and it appears that the bill was subsequently dismissed for want of

prosecution. On the refusal of the purchaser to take title, plaintiff returned to him the down payment and brought this action against the defendants, setting up in her complaint a slander of title resulting in her loss of the price agreed upon in the contract of sale. The suit is in some respects unusual and very little authority is found on the subject in our state reports. However, in the time at my disposal I have examined the text books and cases cited from other states and find the rule to be this: An action for slander of title to land cannot be maintained by the owner for statements causing the breach by a third person of a valid contract to purchase, such statements having been made subsequent to the execution thereof. A number of authorities to like effect are cited, and I take it that that was the principle applied in the case of *Burkett* v. *Griffith,* found in 13 *L. R. A.* (at *p.* 707), which principle I also find set forth in *R. C. L., Cyc.* and *Corp. Jur.* There is apparently no precise authority in New Jersey on the subject, and yet I feel obliged to accept the rule just stated as applicable to this case, for there is nothing to indicate in the complaint that the contract for sale made by plaintiff with the third person was not enforceable, and if enforceable, she suffered no damage by reason of the filing of the bill of complaint and *lis pendens* by defendants. She could have filed a bill for specific performance in the Court of Chancery or sued for a breach of the contract. She did neither but voluntarily returned the down payment. That being so, the cases appear to hold that there cannot be any slander of title of an actionable character after the actual sale, as evidenced by the agreement in writing.

The authority cited carries this text, and I shall adapt it to the present case. If the plaintiff has merely a general intention to sell, or if the words uttered or published do not reach any intending purchaser, or if they do not prevent any sale, *or are uttered after the sale is completed or agreed upon and contracted for,* the plaintiff does not suffer any damage from such utterance or publication. If the plaintiff has sustained any damage in consequence of the refusal of any person to perform his lawful contract with her, it is a loss which

may be compensated in an action brought by her against such person; and the law supposes that in such action the plaintiff would receive a full indemnity, unless, of course, plaintiff voluntarily releases such person from his contract, in which event she would naturally be without remedy.

It is evident that no cause of action is set forth in the complaint in the present action and the motion to strike will be granted.